**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES T. CHAO, § | |
| § | |
| VS. § | Case No. 4:16cv53 |
| § | (Judge Clark/Judge Bush) |
| CITY OF PLANO DEPARTMENT OF § | |
| PROPERTY STANDARD § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DISMISSING CASE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 27, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Emergency Request for a Temporary Restraining Order (*see* Dkt. # 1) should be DENIED and that this case should be dismissed without prejudice because Plaintiff had not exhausted all administrative remedies and the court thus lacked jurisdiction to hear his claims.

On February 11, 2016, *pro se* Plaintiff filed objections to the report (*see* Dkt. # 13). On February 26, 2016, Defendant filed its response to those objections (*see* Dkt. # 18).

Plaintiff then filed additional motions and materials asking the Magistrate Judge to reconsider his recommendation. On May 19, 2016, the Magistrate Judge entered the Order Regarding Post-Report and Recommendation Motions (*see* Dkt. # 28). In the Magistrate Judge's order, he granted Plaintiff leave to supplement the record in the case but noted that nothing raised by Plaintiff in the

supplemental materials evidenced an exhaustion of administrative remedies by Plaintiff. The Magistrate Judge also found that nothing argued by Plaintiff in the supplemental materials altered his recommendation that this case should be dismissed without prejudice.

The court has made a *de novo* review of the objections raised by Plaintiff, Defendant's response, as well as the record in this case, and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge that the case should be dismissed without prejudice.

"If a statute requires a plaintiff to exhaust administrative remedies, his failure to do so deprives this court of subject-matter jurisdiction." *Lowe v. Colvin*, 582 F. App'x 323, 324 (5th Cir. 2014) (citing *Taylor v. U.S. Treas. Dep't*, 127 F.3d 470, 475 (5th Cir.1997) (per curiam)). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In this case, Plaintiff seeks to challenge the City of Plano's Building Standards Committee's January 19, 2016 order finding Plaintiff's Property to be substandard, unsafe, and unfit for human occupancy. There is nothing in Plaintiff's objections or the record to show that Plaintiff sought judicial review of the order in the state district court. Such an appeal is required under Section 54.039 of the Texas Local Government Code for Plaintiff to exhaust his administrative remedies in challenging the order enforcing local health and safety ordinances. TEX. LOC. GOV'T CODE § 54.039.

Further, as noted by Defendant, no case cited by Plaintiff in his objections permits the injunction of a civil enforcement action where state administrative remedies have not been exhausted. Given that the state court remedies have not been exhausted, this court must abstain from

any consideration of injunctive relief. *See generally, Price v. Porter*, 351 F. App'x 925, 927 (5th Cir. 2009) (under "*Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971), federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings.").

In his objections, Plaintiff has argued that his pleadings should be liberally construed since he is appearing without counsel. Although the court must give deference to a *pro se* party's pleadings, such deference does not extend to jurisdictional requirements such as the exhaustion of administrative remedies. "Subject-matter jurisdiction must be established as a threshold matter, inflexibly and without exception," and "[n]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Chamberlain v. Barnhart*, 382 F. Supp. 2d 867, 872 (E.D. Tex. 2005).

The Magistrate Judge correctly found that, because Plaintiff has not shown that he has exhausted his administrative remedies, this court cannot exercise any jurisdiction over his claims and no injunctive relief can be issued.

The court adopts the Magistrate Judge's recommendations as the findings and conclusions of the court. Therefore, Plaintiff's Emergency Request for a Temporary Restraining Order (*see* Dkt. # 1) is DENIED and this case is DISMISSED without prejudice. The matter is closed on the court's docket, and all costs shall be borne by the party incurring same.

**So Ordered and Signed**
**Jun 28, 2016**

_____
Ron Clark, United States District Judge